UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| GEORGE WASHINGTON,[1] ) | |
| ) | |
| v. ) | Criminal No. 2:03-cr-00041-DBH-4 |
| ) | Civil No.   2:13-cv-00294-DBH |
| UNITED STATES OF AMERICA,  ) | |
| ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

This is George Washington's second 28 U.S.C. § 2255 motion, and the issue is whether he is required to first seek authorization from the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244, before this court may consider the motion.  (Motion, ECF No. 361.)  This court's order denying his first section 2255 motion is docketed at Washington v. United States, Civil No. 2:08-cv-00293-DBH, D. Me. Jan. 6, 2010, at ECF No. 31.  The First Circuit Court of Appeals denied Washington's request for a certificate of appealability of the denial of his first section 2255 motion.  (Id., ECF No. 39.)[2]

---

[1]   George Washington is also known as Anthony Long and Stephen Washington.  Washington v. United States, Criminal No. 03-41-P-H, Civil No. 2:08-cv-00293-DBH (D. Me. Jan. 6, 2010).

[2]   I reiterate here the procedural history as provided in my recommended decision on the first motion:

> The procedural history of this 28 U.S.C. § 2255 motion is as follows.  On Washington's first direct appeal, the First Circuit remanded the case for reconsideration in light of United States v. Booker, 543 U.S. 220 (2005).  United States v. Washington, 434 F.3d 7, 17 (1st Cir. 2006).  An amended judgment entered on May 31, 2006. (Crim. No. 03-41, Doc. No. 229.)  Washington appealed again and the amended judgment was affirmed.  United States v. Washington, 220 Fed. Appx. 1 (1st Cir. 2007).  (See Crim. No. 03-41, Doc. Nos. 230, 249).  Washington then filed a petition for certiorari review which was denied by the United States Supreme Court on October 1, 2007.  Washington v. United States, 128 S. Ct. 325 (Mem.).  On February 28, 2008, Washington filed a pro se motion to reduce his sentence in light of an amendment to the crack cocaine guidelines.  (Crim. No. 03-41, Doc. No. 267.)

1

In Washington's first motion, he brought several claims of ineffective assistance of counsel with respect to the pros and cons of pleading guilty given his sentencing exposure, including that counsel did not properly research the sentencing guidelines with respect to his career offender status. The pending motion once again takes up the issue of his career offender status. Washington argues that the pending motion, although it is a second motion, is permitted, pursuant to 28 U.S.C. §2244, because it falls within a statutorily provided exception in that it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). His underlying argument is that the recent case of <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013), should be considered retroactive and applied to shorten his sentence.

I conclude that the pending motion constitutes a "second or successive motion" under section 2244, and consequently this court lacks jurisdiction to entertain the motion, pursuant to 2244(b)(3)(A), which provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals

---

That motion was denied on March 6, 2008. (Crim. No. 03-41, Doc. No. 269). On March 21, 2008, Washington filed a third notice of appeal. <u>United States v. Washington</u>, Crim. No.03-41-P-H (D. Me.), No. 08-1384 (1st Cir.); (Crim. No. 03-41, Doc. No. 271). On August 28, 2008, the third appeal was submitted to a panel of the appellate court for decision without argument. The United States filed supplemental authority on December 31, 2008.

This 28 U.S.C. § 2255 motion was filed on September 8, 2008, prior to a judgment on that direct appeal. The United States took the position that this Court did not have jurisdiction over Washington's § 2255 proceeding because this third appeal was pending in front of the First Circuit, even though that appeal addressed his crack cocaine sentence and the present 28 U.S.C. § 2255 motion does not raise a concern about the role crack cocaine played in his sentence. Citing the most orderly administration of criminal justice, I entered an order staying this action until the pending appeal was final. The First Circuit resolved that direct appeal as follows: "A sentencing court has no authority under 18 U.S.C. § 3582(c)(2) to re-sentence crack offenders who were sentenced as career offenders." (Feb. 20, 2009, J. at 1, Doc. No. 301) (citing <u>United States v. Caraballo</u>, 552 F.3d 6 (1st Cir. 2008)).

for an order authorizing the district court to consider the application." See also First Circuit Local Rule 22.1. The pending motion attacks the same amended criminal judgment (Criminal No. 03-41-P-H, ECF No. 229) as the first motion did, and the first motion terminated with a judgment on the merits (Civil No. 2:08-cv-00293-DBH, ECF Nos. 1, 31). See United States v. Barrett, 178 F.3d 34, 42 (1st Cir. 1999); Pratt v. United States, 129 F.3d 54, 60 (1st Cir. 1997). None of the other reasons for determining that a motion is not "second or successive" applies here. See Barrett, 178 F.3d at 42.

Until authorization is granted by the First Circuit to this court to determine the matter, this court does not have jurisdiction to decide whether Descamps constitutes a new rule that is to be applied retroactively in this case. Section 2244(b)(3) deprives this court of jurisdiction to make such a determination at this point in the litigation. Rather, the statute grants jurisdiction instead to the court of appeals, and requires a prima facie showing before the court of appeals may authorize the district court to consider a second or successive motion. "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. §2244(b)(3)(C).

I recommend that Washington's motion be dismissed without prejudice so that he may pursue a motion in the First Circuit, pursuant to section 2244(b)(3)(A), if he so chooses.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 6, 2013