# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 2:03-CR-41-DBH-04** |
| | ) | |
| **GEORGE WASHINGTON,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## ORDER ON MOTION FOR REDUCTION OF SENTENCE

The defendant has filed a motion to reduce his sentence in light of changes in the Sentencing Guidelines and statutes with respect to the effect of crack cocaine quantity on sentence length.[1]  But the changes do not benefit him because he was sentenced as a career offender in 2006.  I denied similar requests in 2008 and 2011 on that very basis.  Order on Defendant's Motion to Reduce Sentence (ECF No. 269); Order on Defendant's Motion to Reduce Sentence (ECF No. 347).  The First Circuit affirmed my 2011 decision, and pointed out that "[c]hanges in the statutory penalties for crack offenses under the Fair Sentencing Act of 2010 do not apply to the appellant because he was sentenced before its effective date.  Changes in the drug quantity tables under the Guidelines are retroactive, but they do not help the appellant because he was sentenced as a career offender." United States v. George Washington, No. 12-1177 (1st Cir.

---

[1] The defendant does not actually refer to the most recent amendment, United States Sentencing Commission, Guidelines Manual, Supplement to App. C, Amendment 782, at 64-74 (Nov. 2014), but I treat his motion as dealing with all Guideline and statutory changes.

Sept. 6, 2012) (citations omitted).  Unfortunately for the defendant, nothing has changed in that assessment of his status.  None of the statutory or Guideline changes create a basis for reducing his sentence.  Accordingly, his motion is DENIED.

SO ORDERED.

DATED THIS 17TH DAY OF APRIL, 2015

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**